JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DAVID DANIELS, | ) | No. ED CV 09-00171-JSL (VBK) |
| Petitioner, | ) | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| A. HEDGPETH, | ) | |
| Respondent. | ) | |

On January 27, 2009, David Daniels (hereinafter referred to as "Petitioner"), in state custody, filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Central District of California. Petitioner contends the following: (1) the Court erred when it failed to advise Petitioner of his constitutional rights at the preliminary hearing; (2) the Court erred in denying Petitioner's motion to set aside the information; (3) the Court erred when Petitioner was held to answer based on incompetent evidence; and (4) the Court erred when it refused over objection to give CALJIC "mistake of fact" jury instruction. (See Petition at p. 6; attached pages.)

Petitioner filed a direct appeal in the California Court of Appeal which was denied on October 25, 2008. (See Petition, attached

California Court of Appeal Opinion.) Petitioner did not file a Petition for Review in the California Supreme Court (Petition at 3-4); thus, the highest state court has not been given an opportunity to rule on Petitioner's contentions.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1).

A petitioner has exhausted state remedies if he has fairly presented each and every one of his federal claims to the highest state court with the jurisdiction to consider them. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992). A claim has been fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994). Further, the petitioner must have alerted the state court that a claim is asserted under the United States Constitution. Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983). Here, Petitioner must exhaust his claims in the California Supreme Court.

**ACCORDINGLY, IT IS ORDERED** that the Petition be dismissed without prejudice.[1]

DATED: Feb 6, 2009

/s/ Spencer Letts

J. SPENCER LETTS
SENIOR UNITED STATES DISTRICT JUDGE

Presented on this 30th day of January, 2009 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner should be mindful of the one-year statute of limitations set forth in 28 U.S.C. §2244(d).